# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOSE MONTES, individually; And All Others Similarly Situated,

    Plaintiffs,

v.

BANK OF AMERICA NA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA; DOES I through XX, inclusive; ROE CORPORATIONS I through XX, inclusive,

    Defendants.

2:13-cv-660-RCJ-VCF

**ORDER**

Currently before the Court are Bank of America, NA's Motion to Dismiss (#6) and National Union Fire Insurance Company of Pittsburgh PA's Motion to Dismiss (#7).

## BACKGROUND

In April 2013, Defendants National Union Fire Insurance Company of Pittsburgh, PA and Bank of America, NA filed a petition for removal based on diversity jurisdiction and attached Plaintiff Jose Montes's First Amended Complaint ("FAC") from the Eighth Judicial District in Clark County, Nevada. (Pet. for Removal (#1) at 1-2; FAC (#1) at 17-24). In the complaint, Plaintiff sued Bank of America, NA and National Union Fire Insurance Company of Pittsburgh PA (collectively "Defendants"). (FAC (#1) at 17).

The FAC alleged the following. (*Id.*). Bank of America was a bank operating in Nevada. (*Id.*). National Union Fire Insurance Company of Pittsburgh PA ("National Union") was an insurer selling insurance products in Nevada. (*Id.* at 18). Each and every Defendant was acting as an "agent" for each and every other Defendant. (*Id.*). Plaintiff was a Bank of America customer. (*Id.*). "Defendants solicited Plaintiff to purchase accident insurance

1  coverage." (*Id.*). "Defendants, using written materials, engaged in a common scheme of
2  uniform sales advertised and offered accident coverage that would allegedly pay benefits to
3  Plaintiff up to a total of $1,071,000.00." (*Id.*). "Plaintiff contracted with Defendants to
4  purchase insurance for coverage benefits up to a total of $1,071,000.00, paying monthly
5  premiums for more than four years." (*Id.*). "Defendants, using written materials, engaged in
6  a common scheme of uniform sales, advertised and offered accident coverage that would pay
7  Plaintiff up to $365,000 for Recovery at Home." (*Id.*). "Plaintiff contracted with Defendants to
8  purchase insurance for accident coverage that would pay Plaintiff up to $365,000 for Recovery
9  at Home." (*Id.*).

10        The FAC alleged the following. (*Id.*). On February 6, 2012, Plaintiff was injured by a
11  motor vehicle, hospitalized for 6 weeks, and recovered at home for 46 weeks. (*Id.*). Plaintiff
12  made a claim for benefits under the policy but Defendants "wrongfully denied payment of
13  benefits for the claim." (*Id.* at 19).

14        Plaintiff alleged eight causes of action. (*Id.* at 19-23). In the first cause of action,
15  Plaintiff alleged breach of contract against Defendants for failing to provide coverage that
16  Plaintiff agreed to pay for and failing to pay benefits under the policy as written. (*Id.* at 19).
17  In the second cause of action, Plaintiff alleged breach of the implied covenant of good faith
18  and fair dealing against Defendants for failing to disclose to Plaintiff that the policy did not
19  provide the coverage Defendants advertised and contracted to provide and for refusing to
20  provide coverage under the policy for hospitalization for "each day after 1 Day(s) of Medically
21  Necessary Confinement" as written in the policy. (*Id.* at 19-20). In the third cause of action,
22  Plaintiff alleged unjust enrichment against Defendants because they accepted, used, and
23  enjoyed the benefit of premiums paid by Plaintiff but did not deliver a policy or coverage to
24  Plaintiff that reflected the coverages and risks paid for by Plaintiff. (*Id.* at 20).

25        In the fourth cause of action, Plaintiff alleged negligence against Defendants because
26  Defendants owed Plaintiff a duty to disclose fully the terms of the insurance policy coverage
27  but failed to do so. (*Id.* at 21). In the fifth cause of action, Plaintiff alleged negligent training
28  and support. (*Id.*). Plaintiff alleged that Defendants had "trained its agents uniformly, using

the same written materials, and required the sales agents to use uniform sales material it provided." (*Id.*). Defendants had negligently trained and supported its sales agents because the agents failed to fully disclose the terms of the insurance policy provisions advertised and promised to Plaintiff. (*Id.*). In the sixth cause of action, Plaintiff alleged concealment, fraud, and misrepresentation against Defendants. (*Id.* at 22). Plaintiff alleged that Defendants intentionally and fraudulently concealed that the policy he purchased for $1,071,000 did not cover him for that amount and that the policy he purchased for Recovery at Home Benefit did not cover him for that circumstance. (*Id.*). Plaintiff alleged that Defendants knew that the policies did not cover him. (*Id.*).

In the seventh cause of action, Plaintiff alleged civil conspiracy because Defendants conspired among themselves to intentionally conceal from Plaintiff that he was not getting the insurance policy that he contracted and paid for. (*Id.* at 23). Defendants conspired to "prepare uniform written sales materials and required its agents to use those uniform written sales materials to sell Plaintiff an insurance policy Defendants knew concealed from Plaintiff that he was not getting the insurance coverage he had contracted and was paying for." (*Id.*). In the eighth cause of action Plaintiff alleged "unfair business practices, statutory violations" but did not identify any statutes. (*Id.*). Plaintiff alleged that Defendants' actions were violations of "both state and federal unfair business practices statutes" and violations of "both state and federal insurance, banking and other regulatory statutes." (*Id.*).

The pending motions now follow.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or

referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

1992).

**DISCUSSION**

Bank of America filed a motion to dismiss all of the claims filed against it. (BOA Mot. to Dismiss (#6) at 1). Bank of America argues the breach of contract claim against it fails because it is a bank and not an insurer and does not have an insurance contract with Plaintiff. (*Id.* at 11-12). Bank of America asserts that it cannot be liable for a bad faith insurance claim because it is a bank and not an insurance company. (*Id.* at 12). Bank of America contends that the unjust enrichment claim fails because there is an express written contract, i.e. the insurance policy. (*Id.* at 13). Bank of America asserts that the negligence cause of action cannot survive because Plaintiff's negligence claim is a repackaging of his contract claim to which he has no contract with Bank of America. (*Id.* at 14). Bank of America asserts that the negligent training and support claim is devoid of any factual support. (*Id.* at 14-15). Bank of America asserts that Plaintiff fails to plead his concealment, fraud, and misrepresentation claim with Federal Rule of Civil Procedure 9(b) particularity. (*Id.* at 15-16). Bank of America argues that Plaintiff fails to plead the elements of civil conspiracy or any facts with particularity specifying the manner in which Bank of America joined in the conspiracy or how it participated in it. (*Id.* at 17). Bank of America contends that unfair business practices claim is vague and conclusory. (*Id.* at 18). Bank of America contends that Plaintiff does not have standing to bring a state unfair business practices claims because the Nevada Department of Insurance has exclusive jurisdiction over such claims. (*Id.* at 19). Bank of America argues that to the extent that Plaintiff is alleging an Unfair Insurance Practices Act claim, those statutory sections apply to insurance companies, not banks. (*Id.* at 20). Alternatively, Bank of America seeks a more definitive statement because the FAC is so vague and ambiguous that it cannot reasonably frame a responsive pleading. (*Id.*).

National Union files a motion to dismiss the second through eighth causes of action. (Nat'l Union Mot. to Dismiss (#7) at 1). National Union argues that Plaintiff only sets forth conclusory allegations for a claim of bad faith but fails to set forth facts to establish the claim. (*Id.* at 11). National Union asserts that the unjust enrichment claim fails as a matter of law

because there is an express, written contract–i.e. the insurance policy. (*Id.* at 11-12). National Union argues that this Court should adopt California's law that negligence is not a theory of recovery available against insurers. (*Id.* at 14). National Union asserts that the negligent training and support claim should be dismissed because it is devoid of any factual support. (*Id.* at 14-15). National Union contends that Plaintiff does not factually or legally allege a claim for concealment, fraud, or misrepresentation and does not plead any facts with particularity. (*Id.* at 16-17). National Union asserts that Plaintiff fails to plead sufficient facts to state a claim for civil conspiracy and that it should be dismissed. (*Id.* at 17-18). National Union argues that Plaintiff's claim for unfair business practices is vague and conclusory and that National Union does not know what statutes and regulations it is being accused of violating. (*Id.* at 18). National Union asserts that Plaintiff lacks standing to bring a claim for unfair business practices because the Nevada Insurance Commissioner has exclusive jurisdiction over alleged unfair trade practices by an insurance company. (*Id.* at 19). With respect to the Unfair Insurance Practices Act, National Union asserts that there are 16 possible provisions that an insurer may be liable under and that Plaintiff has not identified which specific section National Union allegedly violated and has not alleged any facts which support a violation. (*Id.* at 20-22). Alternatively, National Union argues that Plaintiff should be required to provide a more definite statement on claims two through eight so that it may be able to frame a responsive pleading. (*Id.* at 22).

In response, Plaintiff argues that he has stated a claim against Bank of America because it acted as the insurance broker/agent and sold the insurance policy to Plaintiff. (Opp'n to Mots. to Dismiss (#9) at 4). Plaintiff argues that it states a claim for bad faith against Bank of America because Bank of America acted as an insurance broker/agent and sold the policy to Plaintiff. (*Id.* at 5-6). Plaintiff asserts that he states a claim for unjust enrichment because only an offer of coverage was made but no policy was delivered and, thus, no express contract. (*Id.* at 6). Plaintiff contends that the economic loss doctrine does not bar a claim for negligent misrepresentation against insurance brokers. (*Id.* at 7). Plaintiff argues that he sufficiently states a claim for negligent training and support. (*Id.* at 8-9). Plaintiff

asserts that his concealment, fraud, and misrepresentation claim is pled with particularity because a range of dates was given and asserts that names and specific dates need to be gathered through discovery. (*Id.* at 9-10). Plaintiff argues that his claim for civil conspiracy is properly pled. (*Id.* at 11). Plaintiff argues that his claim for unfair business practices is properly pled and argues that the unfair practices act creates a private right of action. (*Id.* at 13). Plaintiff also argues that his allegations demonstrate a violation of NRS § 686A.310(1)(b)-(e). (*Id.*).

In reply, Defendants assert that Plaintiff has pled elements of the various claims but not supporting facts. (Reply to Mots. to Dismiss (#11) at 2). Defendants assert that, in Nevada, claims for breach of contract do not exist against agents of insurers in the context of insurance disputes. (*Id.* at 3). Defendants note that Plaintiff does not address their request for a more definite statement. (*Id.* at 9).

### A. First Claim: Breach of Contract

In Nevada, if an insurance agent does something within the scope of his agency that violates the terms of the insurance contract, a plaintiff's only recourse is to sue the insurance company as the agent's principal and as the signatory to the contract. *Vargas v. California State Auto. Ass'n Inter-Ins. Bureau*, 788 F.Supp. 462, 464 (D. Nev. 1992). Additionally, if an agent does something outside the scope of his agency to harm a plaintiff, such act could not properly be brought as a breach of contract action because the agent had no contractual relationship with the plaintiff. *Id*.

In this case, Plaintiff alleges that Bank of America is National Union's insurance agent. As such, the Court finds that Bank of America, as an agent, is not a party to the insurance contract and, thus, cannot be liable for breach of contract. The Court grants Bank of America's motion to dismiss the first cause of action against it with prejudice.

### B. Second Claim: Breach of the Implied Covenant of Good Faith and Fair Dealing

The Nevada Supreme Court adopted a cause of action called "bad faith" in *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). In Nevada, bad faith is defined

as: "(1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard as to the unreasonableness of the denial." *Schumacher v. State Farm Fire & Cas. Co.*, 467 F.Supp.2d 1090, 1095 (D. Nev. 2006). The Nevada Supreme Court has found that "[l]iability for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship." *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989). "When no contractual relationship exists, no recovery for bad faith is allowed." *Id*.

In this case, the Court grants Bank of America's motion to dismiss the second cause of action against it for bad faith with prejudice. As discussed above, Bank of America is not a party to the insurance policy and, thus, there can be no cause of action for bad faith against it.

With respect to National Union, the Court finds that Plaintiff has pled insufficient facts to state a cause of action for bad faith, but grants leave to amend. The FAC alleges that Plaintiff purchased accident insurance coverage from National Union that would pay benefits up to a total of $1,071,000.00 and up to $365,000 for recovery at home. (*See* FAC (#1) at 18). The FAC alleges that Plaintiff was in a motor vehicle accident and was hospitalized for 6 weeks and recovered at home for 46 weeks. (*Id.*). The FAC alleges that Plaintiff made a claim for benefits under the policy and that Defendants denied payment of his claims. (*Id.* at 19). Based on these facts, the Court finds that Plaintiff has pled that National Union refused to pay his claim but has not pled facts to demonstrate that the denial was "without any reasonable basis" or that National Union had "knowledge or awareness of the lack of any reasonable basis to deny coverage." As such, the Court grants National Union's motion to dismiss this claim but grants Plaintiff leave to amend the complaint to provide more factual allegations.

**C.     Third Claim: Unjust Enrichment**

In Nevada, "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an

express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). "The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id*.

In this case, the Court grants both Bank of America and National Union's motion to dismiss the unjust enrichment claim because there is an express, legal contract–i.e. the insurance policy–that applies to this case. The Court dismisses this cause of action with prejudice.

### D.  Fourth Claim: Negligence

The Court notes that, in the FAC, Plaintiff appears to be attempting to state a claim for "negligence" based on Defendants breach of the duties to disclose the terms of the insurance policy and pay the benefits under the policy. (*See* FAC (#1) at 21). In Plaintiff's opposition, he asserts that he states a claim for negligent misrepresentation and that such a claim is not barred by the economic loss doctrine. (*See* Opp'n to Mot. to Dismiss (#9) at 7).

To prevail on a negligence theory in Nevada, a plaintiff must show that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Wiley v. Redd*, 885 P.2d 592, 595 (Nev. 1994). In order to prevail on a claim for negligent misrepresentation, a plaintiff must plead: (1) a representation that is false; (2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon; (5) that such reliance resulted in pecuniary loss to the relying party; and (6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F.Supp.2d 1246, 1262 (D. Nev. 2006). A plaintiff must plead negligent misrepresentation with Federal Rule of Civil Procedure 9(b) particularity. *Id*.

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* A "plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

After reviewing Plaintiff's opposition to the motion to dismiss, the Court finds that Plaintiff is attempting to plead negligent misrepresentation rather than negligence. The Court notes that, in his opposition to the motion to dismiss, Plaintiff repeatedly argues that negligent misrepresentation is an exception to the economic loss doctrine. As such, the Court believes that Plaintiff's FAC meant to allege negligent misrepresentation rather than negligence for the fourth cause of action. Nonetheless, the Court finds that the fourth claim is insufficiently pled because Plaintiff only makes the factual allegations that: (a) Defendants owed Plaintiff a duty to disclose fully the terms of the insurance policy coverage, in both amount and scope; (b) Defendants negligently failed to disclose the terms of the insurance policy coverage, both amount and scope; and (c) Defendants negligently failed to pay benefits under the policy, wrongly interpreted that the policy covered medically necessary confinement only after 31 days. (*See* FAC (#1) at 21). The Court finds that these allegations lack the particularity required by Rule 9(b) because Plaintiff does not delineate between the actions of each defendant and does not provide the who, what, when, where, and how of the false representations. The Court grants both Bank of America and National Union's motion to dismiss the fourth cause of action but grants leave to amend to state a cause of action for negligent misrepresentation.

///

### E.     Fifth Claim: Negligent Training and Support

To state a claim for negligent training and supervision in Nevada, Plaintiff must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Okeke v. Biomat USA, Inc.*, 927 F.Supp.2d 1021, 1028 (D. Nev. 2013). "Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else." *Id*. However, an "employee's wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Id*.

In this case, Plaintiff alleges that "Defendants trained its agents uniformly, using the same written materials, and required the sales agents to use uniform sales material it provided" and that "Defendants negligently trained and supported its sales agents, such that those agents failed to disclose fully the terms of the insurance policy provisions advertised and promised to Plaintiff." (*See* FAC (#1) at 21). The Court finds that these allegations are insufficient to state a claim for negligent training and grants Plaintiff leave to amend. The allegations do not provide any facts about what the written materials say, what the sales agents are trained to say, or what information the agents failed to disclose. Moreover, Plaintiff does not identify the various actions of the two Defendants, one of whom he alleges is the agent of the other. The Court grants both Bank of America and National Union's motion to dismiss this cause of action with leave to amend.

### F.     Sixth Claim: Concealment, Fraud, Misrepresentation

To state a claim for fraudulent misrepresentation in Nevada, a plaintiff must establish: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). To state

a claim for fraudulent concealment in Nevada, a plaintiff must establish: (1) defendant must have concealed or suppressed a material fact; (2) defendant must have been under a duty to disclose the fact to the plaintiff; (3) defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, that is, he must have concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than he would if he knew the fact; (4) plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damages. *Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1415 (D. Nev. 1995). Both fraudulent misrepresentation and fraudulent concealment must be pled with Rule 9(b) particularity. *See* Fed. R. Civ. P. 9(b).

The Court finds that Plaintiff has not pled either of these claims with Rule 9(b) particularity. A review of the complaint demonstrates that Plaintiff conclusively states that Defendants "intentionally and fraudulently concealed" various policy provisions and amounts but provides no details as to the who, what, when, where, and how of the alleged fraud. As such, the Court grants both Bank of America and National Union's motion to dismiss the sixth cause of action for concealment, fraud, misrepresentation with leave to amend.

### G.     Seventh Claim: Civil Conspiracy

In Nevada, "[a]n actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983).

In this case, the Court finds that Plaintiff only makes conclusory allegations for this cause of action. To illustrate, Plaintiff alleges that "Defendants conspired among themselves, and with others, to intentionally conceal from Plaintiff that he was not getting the insurance policy that he contracted and paid for" and that "Defendants conspired to prepare uniform written sales materials and required its agents to use those uniform written sales materials to sell Plaintiff an insurance policy Defendants knew concealed from Plaintiff that he was not

getting the insurance coverage he had contracted and was paying for." (*See* FAC (#1) at 23). The Court finds that these allegations only recite naked assertions devoid of further factual enhancements. The Court grants both Bank of America and National Union's motion to dismiss this cause of action with leave to amend.

**H.     Eighth Claim: Unfair Business Practices, Statutory Violations**

The Court grants Bank of America and National Union's motion to dismiss this cause of action because Plaintiff alleges that Defendants violated "both state and federal unfair business practices statutes" and "both state and federal insurance, banking and other regulatory statutes" but never identifies any of these alleged statutes and does not allege how they allegedly violated these statutes. The Court grants Plaintiff leave to amend this cause of action.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Bank of America, NA's Motion to Dismiss (#6) is GRANTED. The Court dismisses with prejudice the first (breach of contract), second (breach of implied covenant of good faith and fair dealing), and third (unjust enrichment) claims against Bank of America, NA. The Court dismisses with leave to amend the fourth (negligent misrepresentation), fifth (negligent training), sixth (concealment, fraud, misrepresentation), seventh (civil conspiracy), and eighth (unfair business practices) claims against Bank of America, NA.

IT IS FURTHER ORDERED that National Union Fire Insurance Company of Pittsburgh PA's Motion to Dismiss (#7) is GRANTED. The Court dismisses with prejudice the third claim for unjust enrichment against National Union. The Court dismisses with leave to amend the second (breach of the covenant of good faith and fair dealing), fourth (negligent misrepresentation), fifth (negligent training), sixth (concealment, fraud, misrepresentation), seventh (civil conspiracy), and eighth (unfair business practices) claims against National Union.

///

///

IT IS FURTHER ORDERED that Plaintiff has 20 days from the date of this order to file a second amended complaint.

Dated this 30th day of October, 2013.

_____
United States District Judge