**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JOSE MONTES,

          Plaintiff,

vs.

BANK OF AMERICA, *et al.*,

          Defendants.

2:13–cv–660–RCJ–VCF

**REPORT & RECOMMENDATION**

This matter involves Plaintiff Jose Montes' bad faith insurance action against Bank of America, *et al.* on behalf of a putative class. (*See* Compl. (#1) Exhibit A at 8–9[1]). Before the court is Montes' motion to add parties (#25). Bank of America filed an opposition (#30); and Montes replied (#37). For the reasons stated below, Montes' motion to amend should be denied without prejudice.

**LEGAL STANDARD**

Federal Rules of Civil Procedure 15 and 20 govern amendment and the permissive joinder of parties. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (stating that a motion to add parties invokes Rules 15 and 20). The purpose of Rule 15 "is to facilitate a determination of the action on its merits." 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1488 (3rd 2010); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Under Rule 15(a)(2)[2], a party may amend its pleadings" only with the opposing party's written consent or the court's

---

[1] Parenthetical citations refer to the court's docket.
[2] Rule 15(a)(1) is inapplicable because "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." *See* FED. R. CIV. P. 15, Advisory Committee Notes (2009 Amendments). On April 26, 2013, Bank of America filed a motion under Rules 12(b) and (e). (*See* Def.'s Mot. to Dismiss (#6) at 1). Consequently, Montes' right to amend as a matter of course expired on May 17, 2013.

1

leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Supreme Court directs lower "courts [to] interpret [Rule 15] liberally and permit an amendment whenever doing so will effectuate the underlying purpose of the rule." *Brandon v. Holt*, 469 U.S. 464, 472 (1985) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) ("[T]here is a strong policy of liberally allowing amendments pursuant to Rule 15(a)").

However, leave to amend is not absolute. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Among the factors weighing against allowing parties to amend are undue delay, prejudice to the opposing party, and futility. *Id*. (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330–31 (1971) (stating that the trial court "required" to take potential prejudice into account). A showing of the *Forman* factors overcomes the presumption in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

Similarly, Rule 20(a)(2) permits permissive joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). There is no bright-line definition of "transaction," "occurrence," or "series." *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. *Id.* Joinder in a single case may be appropriate—even though there might be different occurrences—if the claims involve enough related operative facts. *Mosley v. Gen. Motors Corp*., 497 F.2d 1330, 1333 (8th Cir. 1974) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not such much upon the immediateness of their connection as upon their logical relationship."). Rule 20 "is to be

construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

## DISCUSSION

Montes' motion presents a single question: whether Montes may add five corporate defendants under Federal Rules of Civil Procedure 15 and 20. Bank of America argues that leave to amend should be denied because amendment will cause undue delay and prejudice, and because amendment is futile. (*See* Def.'s Opp'n (#30) at 2, 4, 6). Before addressing these arguments, the court begins its analysis of Montes' motion by addressing Bank of America's assertion that Rule 16—and not Rules 15 and 20—controls. (*See* Def.'s Opp'n (#30) at 3:3–10).

Where a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the more stringent "good cause" standard under Rule 16(b), and not the more liberal standard under Rule 15. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (noting once a district court files a pretrial scheduling order under Federal Rule of Civil Procedure 16 establishing a timetable for amending pleadings, that rule's standards control).

Bank of America argues that Montes' motion is subject to Rule 16 because the "deadline of December 16, 2013 for 'adding parties'" expired. (Def.'s Opp'n (#30) at 3:4). This is incorrect. On August 13, 2013, the court entered a discovery plan and scheduling order, which prescribed December 10, 2013 as the deadline to amend pleadings and add parties. (Disc. Plan. (#16) at 11:12). On November 19, 2013, the parties filed a stipulation to extend the December 10, 2013 deadline until January 6, 2014. (*See* Stip. (#19) at 2:1). On December 13, 2013, the court approved the parties' stipulation. (*See* Order

(#22) at 2). Consequently, Montes' January 6, 2014 motion to amend is timely and not subject to Rule 16's heightened requirements. *See Johnson*, 975 F.2d at 609.

Having decided that the court's inquiry is governed by Rule 15, the court turns to the merits of Montes' motion. Bank of America argues that Montes' motion should be denied under Rule 15 because joining the five corporate defendants will allegedly cause undue delay and prejudice, and because Montes' claims against the proposed defendants are futile. (*See* Def.'s Opp'n (#30) at 2, 4, 6) (discussing the *Forman* factors). Each argument is addressed below.

I. **Whether Amendment cause Undue Delay**

The first argument that Bank of America proffers in opposition to Montes' motion is that amendment will cause undue delay. Because Rule 15's purpose "is to facilitate a determination of the action on its merits," "delay alone is not a sufficient reason for denying leave" to amend. WRIGHT, MILLER & KANE, *supra*, at § 1488; *accord Hurn v. Ret. Fund Trust of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252 (9th Cir. 1981). Rather, the focus of the undue delay inquiry centers on whether "the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment" prejudices the opposing party. WRIGHT, MILLER & KANE, *supra*, at § 1488.

Here, Bank of America asserts that Montes' delay is undue because Montes knew of the existence of the proposed defendants since at least June 3, 2013.[3] (*See* Def.'s Opp'n (#30) at 3:12). This argument is unpersuasive. It requires no citation of authority to demonstrate that knowledge of an entities' mere existence is insufficient to file a motion that complies with Rule 11(b) or a pleading that states a plausible claim for relief under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, the date

---

[3] Bank of America also argues that Montes' delay is undue because the motion was filed after a December 16, 2013 deadline. As discussed above, this argument factually and legally incorrect. (*See*, *supra*, DISCUSSION § II.B).

4

cited by Bank of America is irrelevant to the court's Rule 15 inquiry.

Under Rule 15's undue delay inquiry, the critical question is when Montes discovered that the five proposed defendants may be liable for the claims alleged. *See* WRIGHT, MILLER & KANE, *supra*, at § 1488. Applying this rule, the relevant date is December 18, 2013, which is when Montes obtained discovery regarding the proposed defendants' legal relationship with the named defendants. (*See* McKnight Decl. (#37) at 11 at ¶ 3) ("Defendants did not provide the Master Agreement confirming the parties, their relationships, and duties until December 18, 2013."). Nineteen days after Montes received this information, Montes requested leave to amend. (*See* Pl.'s Mot. to Amend. (#25) at 3:19). This does not, as a matter of law, constitute undue delay. *See, e.g.*, FED. R. CIV. P. 15(a) (granting parties twenty-one days to amend in related circumstances); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant.").

## II.     **Whether Bank of America will be Prejudiced**

Bank of America also argues that adding five corporate defendants will cause prejudice. Under Rule 15, prejudice to the opposing party is the most important factor. *Zenith Radio Corp.*, 401 U.S. 321, 330–31. The Ninth Circuit has repeatedly stated that the prejudice must be "substantial." *See Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996) (citing *Consol. Data Terminals v. Applied Digital Data Sys. Inc.*, 708 F.2d 385, 396 (9th Cir.1983) (stating that "late pleading amendments are improper under [Rule 15] if they cause substantial prejudice to the opposing party.")); *see also Savignac v. Buchanan*, 999 F.2d 544 (9th Cir. 1993) (citing *ids*.). Additionally, the only prejudice that is relevant is the prejudice to the party opposing amendment. *See Forman*, 371 U.S. at 182 (propounding the *Forman* factors and stating that courts should consider whether amendment will cause "undue prejudice to the opposing party").

As a general rule, prejudice is the product of delay. WRIGHT, MILLER & KANE, *supra*, at § 1488; *see also Roberts v. Arizona Bd. of Regents*, 661 F.2d 796 (9th Cir. 1981) (holding that the trial court did not abuse its discretion when it found prejudice because the plaintiff failed to move to amend until after the close of discovery and defendant's motion for summary judgment was pending with the court). However, even where "an amended complaint would . . . greatly alter[] the nature of the litigation and . . . require[] defendants to . . . undertake[], at a late hour, an entirely new course of defense," prejudice may not be "fatal to amendment." *Morongo*, 893 F.2d at 1079.

Bank of America argues that it will be prejudiced for three reasons: (1) "the scheduling order will have to be vacated;" (2) Montes will "propound written discovery [on] the new defendants;" and (3) "the number of depositions, motions and other procedures in the case will be multiplied many times by the new additions." (*See* Def.'s Opp'n (#30) at 5:21, 5:26, 6:1). As an initial matter, the court notes that each of these arguments is speculative, conjectural, and conclusory. (*See* Def.'s Opp'n (#30) at 5:21, 5:26, 6:1). None of Bank of America's arguments are supported by discrete facts, declarations, or reasonable expectations of prejudice. Courts generally do not entertain conclusory arguments. *See, e.g.*, *United States v. Balcar*, 141 F.3d 1180, 1180 (9th Cir. 1988) ("None of these conclusory arguments are discussed in any depth and we thus decline to address them."). Nonetheless, Bank of America's three arguments are addressed below.

First, scheduling orders exist primarily to protect the court, not litigants. *See* FED. R. CIV. P. 16, Advisory Committee Notes (1937 Adoption) ("stating that scheduling orders "reliev[e] the congested condition of trial calendars"); *Johnson*, 975 F.2d at 610 ("Disregard of the [scheduling] order would undermine the court's ability to control its docket. . ."); *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (stating that the purpose of Rule 16 is "to encourage forceful judicial management"); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *In the Matter of the Sanction of*

6

*Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984) ("[T]he purpose of Rule 16 is to insure early judicial intervention in the process of trial preparation and proper conduct of that entire process."). Accordingly, Bank of America's argument fails as a matter of law because vacating the scheduling order prejudices the court, Bank of America.

Second, Bank of America's argument that amendment will cause prejudice because Montes will "propound written discovery [on] the new defendants" fails as a matter of law for the same reason. (Def.'s Opp'n (#30) at 5:25–26). Under Rule 15, the relevant inquiry is whether the party opposing amendment—(*i.e.*, Bank of America, N.A. and Union National Fire Insurance Company)—will suffer prejudice. *Forman*, 371 U.S. at 182; *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725–26 (2d Cir. 2010) ("Amendment may be prejudicial when, among other things, it would 'require **the opponent** to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.'") (citation omitted; emphasis added). Here, Bank of America argues that amendment should be denied because the new parties will incur litigation costs. This argument is tautological. Rule 15 does not ask courts to consider whether proposed defendants will incur litigation costs before granting plaintiffs leave to add proposed defendants to a lawsuit that is—by its very nature—expensive.

Similarly, it is of no consequence that three of the five proposed defendants are "subsidiaries" or "affiliates" of Bank of America. (*See* Def.'s Opp'n (#30) at 5:28, 6:1). Prejudice focuses on a party's own legal rights. BLACK'S LAW DICTIONARY (9th ed. 2009), prejudice ("Damage or detriment to one's legal rights or claims"). Bank of America offered no argument and cited no case to persuade the court otherwise. (*See* Def.'s Opp'n (#30) at 5:20–6:1).

Third, Bank of America's concern that amendment will cause "the number of depositions, motions and other procedures in the case [to] be multiplied many times by the new additions" fails to

7

rise to the level of "substantial prejudice." (*Id.* at 6:1–4); *see Morongo*, 893 F.2d at 1079 (stating that even where "an amended complaint would . . . greatly alter[] the nature of the litigation and . . . require[] defendants to . . . undertake[], at a late hour, an entirely new course of defense," prejudice may not be "fatal to amendment"). Montes' proposed amendment does not substantially alter the nature of the litigation because the underlying claims are the same. Additionally, unlike *Morongo*, Montes' motion to amend was not filed "at a late hour." Accordingly, the court sees no reason—(and Bank of America proffers none)—to suspect that joinder will cause "the number of depositions, motions and other procedures in the case [to] be multiplied many times by the new additions." (Def.'s Opp'n (#30) at 6:1–4).

The court, therefore, concludes that Bank of America will not be prejudiced by Montes' amendment.[4]

### III.     **Whether Montes' Proposed Complaint is Futile**

Finally, Bank of America argues that amendment should be denied because Montes' claims against the proposed defendants are "futile." (*See* Def.'s Opp'n (#30) at 6–10). A proposed amended complaint is "futile" if it would not withstand a Rule 12(b)(6) motion to dismiss. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) prescribes a two-step procedure for determining whether a complaint satisfies Rule 12(b)(6). First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Factual allegations are not entitled to the assumption of

---

[4] In addition to the reasons discussed above, the court is further dissuaded from crediting Bank of America's arguments because of the contradiction inherent in its position that it will be prejudiced if additional defendants appear. The addition of five corporate defendants will deplete Montes' limited resources as they come to Bank of America's aid and strive to defeat Montes' claims in court. Bank of America's own opposition states, parenthetically: "(A joint defense may be anticipated.)" (Def.'s Opp'n (#30) at 6:4).

8

truth if they are conclusory, "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a" cause of action. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). The court may not consider "matters outside the pleadings" when making this determination. FED. R. CIV. P. 12(d).

The court begins its analysis of Montes' proposed amended complaint by identifying "allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. These include: "Each and every Defendant herein was, at all times relevant to this action, acting as an agent for each and every other Defendant, with full consent, knowledge and authority of such Defendant." (Proposed Amend. Compl. (#25-1) at ¶ 5). And: "Bank of America Insurance Services, along with BA Insurance Services, on or around Nov. 16, 2004, entered into an enterprise by agreement with National Union Fire and Coverdell & Company, whereby they agreed to, among other things not yet discovered, act with common purpose to market, solicit, offer and sell accident and life insurance to customers of Bank of America." (*Id*. at ¶ 10). And: "Each of the Defendants provided training and support to its employees who were responsible for writing and preparing the [illusory insurance policy], knowing that insurance contracts and promises are ripe for fraud and misleading claims, and that to allow false promises and illusory contracts to be sold could harm the Plaintiffs." (*Id*. at ¶ 15).[5]

---

[5] These three allegations are cited for illustrative purposes. The parties should not construe this report and recommendation as providing an exhaustive list of every factually deficient allegation.

9

Montes argues that the proposed amended complaint plausibly alleges that seven contractually-united corporate defendants conspired to market and sell an illusory group-insurance policy to ten million Bank of America customers. (*See* Pl.'s Reply (#37) at 2). Montes further argues that the complaint plausibly alleges that a "master agreement" between the seven proposed defendants details the legal relationships between the defendants that gives rise to their liability. (*Id.* at 4:1–4). It does not.

In support of these arguments, Montes reply brief outlines the legal relationships between the various defendants and cites exhibits for factual support. (*See* Pl.'s Reply (#37) at 4–6). However, the arguments in Montes' reply brief, and the exhibits attached to it, are not included in the proposed amended complaint. (*See generally* Proposed Amend. Compl. #25-1). The court recognizes that this error was, likely, the product of Montes' diligence in seeking amendment.[6] Under Rule 12(d), however, these arguments and exhibits are "matters outside the pleadings," which the court cannot consider without converting Montes' motion into a motion for summary judgment. *See* FED. R. CIV. P. 12(d). The court declines to do so here. *See* FED. R. CIV. P. 1 (instructing courts to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

The court, therefore, recommends denying Montes' motion for leave to amend because this amendment is futile. The gravamen of Montes' proposed amended complaint is that seven corporate defendants engaged in a civil conspiracy to commit, *inter alia*, breach of contract and insurance fraud. For these claims to succeed under Rule 12(b)(6), Montes must plausibly demonstrate the existence of legal rights and obligations that flow between the proposed defendants and to Montes. *See, e.g.*, *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1262, 969 P.2d 949, 959 (1998) ("'In general, no one "is liable upon a contract except those who are parties to it.' However, according to a well-established

---

[6] On December 16, 2013, Montes emailed a copy of the proposed amendment complaint to defendants. (*See* McKnight Decl. (#37) at 11:13). On December 18, 2013, Montes received a copy of the Master Agreement, which supposedly outlines the legal relationships between the proposed defendants. (*Id.* at 11:3–4).

exception to this general rule, where a claims administrator is engaged in a joint venture with an insurer, the administrator 'may be held liable for its bad faith in handling the insured's claim, even though the organization is not technically a party to the insurance policy.'") (citations omitted).

The proposed amended complaint does not do this. The factual allegations regarding the defendants' legal relationships, (*see, e.g.*, Proposed Amend. Compl. (#25-1) at ¶¶ 5, 10), and alleged wrongdoing, (*see, e.g.*, *id.* at ¶ 15), are conclusory; and conclusory allegations are insufficient under Rule 12. *See Iqbal*, 556 U.S. at 678 ("[W]e 'are not bound to accept as true a legal conclusion couched as a factual allegation'").[7] The court, therefore, recommends denying Montes' motion for leave to amended.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Montes' motion to add parties (#25) be DENIED.

IT IS SO RECOMMENDED.

DATED this 21st day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[7] Because the allegations regarding the defendants' wrongdoing and legal relationships are conclusory, the court refrains from engaging in any analysis under Rule 20 to determine whether Montes' amended claims arise from the same transaction or occurrence. *See* FED. R. CIV. P. 20(a)(2).