# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JOSE MONTES, individually; And All Others
Similarly Situated,

        Plaintiffs,

    vs.

BANK OF AMERICA NA; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH PA; DOES I through XX,
inclusive; ROE CORPORATIONS I through
XX, inclusive,

        Defendants.

2:13-cv-00660-RCJ-VCF

ORDER

This putative class action arises out of an alleged fraud in the sale of insurance.
Defendants have separately moved to dismiss the second amended complaint (ECF Nos. 33 and
34), and Plaintiff has filed a motion to reconsider (ECF No. 43) the Court's order dismissing
claims in the first amended complaint (ECF No. 18). For the reasons stated herein the motion to
reconsider is denied, and the motions to dismiss are granted. Specifically, the Court dismisses all
claims asserted against Bank of America and all of the challenged claims asserted against
National Union. Claims two through six are dismissed with prejudice, and claims seven and eight
are dismissed with limited leave to amend. Specifically, Plaintiff is granted leave to amend,
within fourteen (14) days of the entry of this Order into the electronic docket, to properly state
claims, if possible, under 15 U.S.C. §1693m and NRS 41.600 and a corresponding civil
conspiracy claim. Claims under other statutes will not be permitted. The breach of contract claim
asserted against National Union remains operative.

## I.   BACKGROUND

In April 2013, Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Bank of America, NA ("Bank of America") filed a petition for removal based on diversity jurisdiction and attached Plaintiff Jose Montes's first amended complaint ("FAC") from the Eighth Judicial District in Clark County, Nevada. (Pet. for Removal, ECF No. 1, at 1–2 ; FAC, ECF No. 1, at 17–24).

The FAC alleged the following: Bank of America was a bank operating in Nevada, and National Union was an insurer selling insurance products in Nevada. (FAC, ECF No. 1, at 17–18). Each and every Defendant was acting as an "agent" for each and every other Defendant. (*Id.*). Plaintiff was a Bank of America customer. (*Id.*). "Defendants solicited Plaintiff to purchase accident insurance coverage." (*Id.*). "Defendants, using written materials, engaged in a common scheme of uniform sales [,] advertised and offered accident coverage that would allegedly pay benefits to Plaintiff up to a total of $1,071,000.00." (*Id.*). "Plaintiff contracted with Defendants to purchase insurance for coverage benefits up to a total of $1,071,000.00, paying monthly premiums for more than four years." (*Id.*). "Defendants, using written materials, engaged in a common scheme of uniform sales, advertised and offered accident coverage that would pay Plaintiff up to $365,000 for Recovery at Home." (*Id.*). "Plaintiff contracted with Defendants to purchase insurance for accident coverage that would pay Plaintiff up to $365,000 for Recovery at Home." (*Id.*).

The FAC further alleged that on February 6, 2012, Plaintiff was injured by a motor vehicle and hospitalized for six weeks. (*Id.*). He then recovered at home for forty-six weeks. (*Id.*). During this time, Plaintiff made a claim for benefits under the policy but Defendants "wrongfully denied payment of benefits for the claim." (*Id.* at 19).

Plaintiff then initiated this action, originally asserting eight causes of action: In the first cause of action, Plaintiff alleged breach of contract against both Defendants for failing to provide the coverage that he agreed to purchase and failing to pay benefits under the policy as written. (*Id*. at 19). In the second cause of action, Plaintiff alleged breach of the implied covenant of good faith and fair dealing against both Defendants for failing to disclose that the policy did not provide the coverage Defendants advertised and contracted to provide and for refusing to provide coverage under the policy for hospitalization for "each day after 1 Day(s) of Medically Necessary Confinement" as written in the policy. (*Id.* at 19–20). In the third cause of action, Plaintiff alleged unjust enrichment against Defendants because they accepted, used, and enjoyed the benefit of premiums paid by Plaintiff but did not deliver a policy containing the coverages promised. (*Id.* at 20).

In the fourth cause of action, Plaintiff alleged negligence against both Defendants. Specifically, he alleged that Defendants owed him a duty to fully disclose the terms of the insurance policy coverage but failed to do so. (*Id*. at 21). In the fifth cause of action, Plaintiff alleged negligent training and support, arguing that Defendants had "trained [their] agents uniformly, using the same written materials, and required the sales agents to use uniform sales material it provided." (*Id*.). Plaintiff further alleged that Defendants negligently trained and supported their sales agents because the agents failed to fully disclose the terms of the insurance policy provisions advertised and promised to Plaintiff. (*Id*.). In the sixth cause of action, Plaintiff alleged concealment, fraud, and misrepresentation. (*Id*. at 22). Specifically, Plaintiff alleged that Defendants intentionally and fraudulently concealed that the policy he purchased did not cover him for the amount advertised and that the policy he purchased for the Recovery at Home

Benefit did not cover him for that circumstance. (*Id.*). Plaintiff further alleged that Defendants knew that the policies did not cover him. (*Id.*).

In the seventh cause of action, Plaintiff alleged civil conspiracy, arguing that Defendants conspired among themselves to intentionally conceal the fact that Plaintiff was not getting the insurance policy that he paid for. (*Id.* at 23). Plaintiff further alleged that Defendants conspired to "prepare uniform written sales materials and required [their] agents to use those uniform written sales materials to sell Plaintiff an insurance policy Defendants knew concealed from Plaintiff that he was not getting the insurance coverage he had contracted and was paying for." (*Id.*). In the eighth cause of action, Plaintiff alleged "unfair business practices, statutory violations" but did not identify any statutes. (*Id.*). Instead, Plaintiff alleged that Defendants acted in violation of "both state and federal unfair business practices statutes" and in violation of "both state and federal insurance, banking and other regulatory statutes." (*Id.*).

On April 26, 2013, Defendants separately moved to dismiss (ECF Nos. 6 and 7). Specifically, Bank of America moved to dismiss all claims asserted against it, (ECF No. 6), and National Union moved to dismiss claims two through eight, to the extent they were asserted against it, (ECF No. 7). On October 30, 2013, this Court granted the motions in their entirety. (Order, ECF No. 18). Specifically, the Court dismissed with prejudice the first two causes of action (breach of contract and breach of the implied covenant of good faith and fair dealing, respectively) to the extent they were asserted against Bank of America, with prejudice. The Court also dismissed the third cause of action (unjust enrichment), as asserted against both Defendants, with prejudice. The Court dismissed each of the remaining causes of action, expect for the unchallenged breach of contract claim asserted against National Union, with leave to

amend. (*Id.*). On January 6, 2014, Plaintiff filed his second amended complaint ("SAC"). (ECF No. 24). The pending motions now follow.

## II.   MOTION TO RECONSIDER (ECF No. 43)

Plaintiff's motion to reconsider fails to satisfy the demanding standard for reconsideration, and it is therefore denied.

### A.  Legal Standard

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) and Rule 60(b) permit a district court to reconsider and amend previous orders, this is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 2000)) (internal quotation marks omitted).

Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v.*

*Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890. Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Furthermore, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

## B. Analysis

Plaintiff seeks relief from the Court's prior order, which, among other things, dismissed the following claims with prejudice: (1) breach of contract (as asserted against Bank of America); (2) breach of the implied covenant of good faith and fair dealing (as asserted against Bank of America); and (3) unjust enrichment. (Order, ECF No. 18). Plaintiff contends that reconsideration is warranted for two reasons, neither of which is persuasive: (1) that "newly discovered" evidence supports the claims dismissed with prejudice; and (2) that "a more careful examination of the law will show that [*sic*] claims dismissed with prejudice are legally sufficient and should be allowed." (Mot. Recons., ECF No. 43, at 8).

As an initial matter, relief from judgment on the basis of newly discovered evidence is warranted only when the moving party shows that the evidence "(1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and

controlling nature that it demands a probable change in the outcome." *Wells Enterprises v. Wells Bloomfield, LLC*, No. 3:11-CV-00246-RCJ, 2013 WL 5663182, at *4 (D. Nev. Oct. 15, 2013) (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130 n.45 (E.D. Cal. 2001) (internal quotation marks omitted); *see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir.1987).

Here, although Plaintiff generally alleges that he has provided a more detailed set of facts in support of the dismissed claims, he makes no meaningful attempt to argue that the allegedly newly discovered facts satisfy the demanding standard for reconsideration. Moreover, it appears that Plaintiff has not alleged any new, previously undiscoverable, material facts, but has instead attempted to add detail to the conclusory allegations asserted in the FAC. This is not an adequate basis for reconsideration.

Plaintiff's second basis for reconsideration is also unpersuasive. Indeed, Plaintiff is simply attempting to raise "new" arguments based on old case law that was reasonably available when he opposed Defendants' previous motions to dismiss. This is impermissible. *Kona Enter.*, 229 F.3d at 890. Furthermore, the Court already considered the bulk of Plaintiff's "new" legal theories in its prior order, and it is well settled that a motion for reconsideration that merely rehashes arguments previously raised is appropriately denied. *Taylor v. Knapp*, 871 F.2d 803, 804 (9th Cir. 1989). The motion for reconsideration is therefore denied.

## III.   MOTIONS TO DISMISS (ECF Nos. 33 and 34)

### A.   Legal Standard

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir.

2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should look only to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

      The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass Rule 12(b)(6) muster, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

Furthermore, Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* A "plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.*

**B.    Analysis**

Through his SAC and other moving papers, Plaintiff has obscured the relevant facts and issues in an apparent effort to needlessly burden both the Defendants and the Court. The Court is not impressed. As an initial matter, Plaintiff has shown blatant disregard for the Court's prior order. Specifically, in the SAC, Plaintiff realleges the three claims that the Court previously dismissed with prejudice: (1) breach of contract against Bank of America; (2) breach of the implied covenant of good faith and fair dealing against Bank of America; and (3) unjust enrichment. (*See* SAC, ECF No. 24, at 14–15). However, Plaintiff now acknowledges that "none of the claims stated [in the SAC] apply to a Defendant where the Court has ruled otherwise." (Opp'n to Mot. Dismiss, ECF No. 41, at 6). While the plain language of the SAC, and particularly its attempt to restate a claim for unjust enrichment, contradicts this assertion, the

Court will take Plaintiff at his word and treat the SAC as if it does not attempt to restate these three claims. Accordingly, and consistent with the Court's denial of Plaintiff's motion to reconsider, these claims remain dismissed with prejudice.

With respect to the remaining causes of action, Plaintiff acknowledges that "[t]he 'essence' of the claims against the Defendants is for fraud and misrepresentation for promising coverage Defendants knew were not going to deliver [*sic*] to their 175,000 customers who trusted them and bought the policy." (*Id.* at 2). Indeed, as Plaintiff notes, "[t]his is anything but a 'standard insurance dispute.'" (*Id.*).

In its prior order, the Court dismissed several of Plaintiff's claims for failure to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. In granting leave to amend each of these claims, the Court instructed Plaintiff as to how to satisfy Rule 9(b). (*See generally* Order, ECF No. 18). Among other things, the Court thrice warned Plaintiff that averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged." (*Id.* at 8, 10, 12 (citing *Vess*, 317 F.3d at 1106)). Parroting the Court's instruction, Plaintiff now contends that "consistent with this Court's [o]rder, the who, what, when, where, and how of the Complaint has been augmented by more than 700%." (Opp'n to Mot. Dismiss, ECF No. 41, at 3). However, despite including additional facts, Plaintiff has again failed to plead fraud with specificity Rule 9(b) requires. Furthermore, several of Plaintiff's claims, as they are now alleged, fail as a matter of law. Because of these defects, which are described in detail below, the motions to dismiss are granted in the entirety. Specifically, claims two through six are dismissed with prejudice, and claims seven and eight are dismissed with limited leave to amend. Claim one, for breach of contract, remains operative against National Union.

**1.   First Claim: Breach of Contract**

To the extent this claim is asserted against Bank of America, it was dismissed with prejudice in the Court's prior order. (Order, ECF No. 18, at 13). National Union, however, has not challenged the breach of contract claim, (*see generally* Mot. Dismiss, ECF No. 34), and it therefore remains operative against National Union.

**2.   Second Claim: Breach of the Implied Covenant of Good Faith and Fair Dealing**

To the extent this claim is asserted against Bank of America, it was dismissed with prejudice in the Court's prior order, (Order, ECF No. 18, at 13), and it is now dismissed as asserted against National Union.

In its October 30, 2013 order, the Court instructed:

> The Nevada Supreme Court adopted a cause of action called "bad faith" in *U.S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). In Nevada, bad faith is defined as: "(1) an insurer's denial of (or refusal to pay) an insured's claim; (2) without any reasonable basis; and (3) the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard as to the unreasonableness of the denial." *Schumacher v. State Farm Fire & Cas. Co.*, 467 F.Supp.2d 1090, 1095 (D. Nev. 2006). The Nevada Supreme Court has found that "[l]iability for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship." *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (Nev. 1989). "When no contractual relationship exists, no recovery for bad faith is allowed." *Id.*
>
>     . . . With respect to National Union, the Court finds that Plaintiff has pled insufficient facts to state a cause of action for bad faith, but grants leave to amend. The FAC alleges that Plaintiff purchased accident insurance coverage from National Union that would pay benefits up to a total of $1,071,000.00 and up to $365,000 for recovery at home. (*See* FAC, ECF No. 1, at 18). The FAC alleges that Plaintiff was in a motor vehicle accident and was hospitalized for 6 weeks and recovered at home for 46 weeks. (*Id.*). The FAC alleges that Plaintiff made a claim for benefits under the policy and that Defendants denied payment of his claims. (*Id.* at 19). Based on these facts, the Court finds that Plaintiff has pled that National Union refused to pay his claim but has not pled facts to demonstrate that the denial was "without any reasonable basis" or that National Union had

"knowledge or awareness of the lack of any reasonable basis to deny coverage."
As such, the Court grants National Union's motion to dismiss this claim but
grants Plaintiff leave to amend the complaint to provide more factual allegations.

(*Id.* at 7–8). The SAC does not cure these factual deficiencies. Instead, Plaintiff now appears to

focus on alleged pre-contract misrepresentations concerning a later-issued insurance policy.

Specifically, Plaintiff alleges the following:

> 50.  Defendants breached its [*sic*] duty of implied covenant of good faith and
> fair dealings by failing to disclose to Plaintiff that the policy did not
> provide the coverage Defendants advertised and contracted to provide . . . .

> 51.  Defendants further breached its [*sic*] duty of implied covenant of good
> faith and fair dealings by failing to provide Plaintiff with a renewed policy
> of coverage that was agreed upon by Defendants . . . .

(SAC ¶¶ 50–51, ECF No. 24, at 14). However, because actionable bad faith, in this

context, requires an underlying contractual relationship, such pre-contract conduct cannot

support a claim of bad faith. *Wensley v. First Nat. Bank of Nev.*, 874 F. Supp. 2d 957, 964

(D. Nev. 2012) ("A party cannot breach the covenant of good faith and fair dealing

before a contract is formed."); *Indep. Order of Foresters v. Donald, Lufkin & Jenrette,
Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ( "[A]n implied covenant relates only to the

performance of obligations under an extant contract, and not to any pre-contract

conduct.").

Plaintiff's post-contract allegations are likewise unavailing. Except for the

conclusory allegation that the "denials [of coverage] were unreasonable," (SAC ¶ 41,

ECF No. 24, at 13), Plaintiff has pled nothing that would support an inference that the

denial was "without any reasonable basis" or that National Union had "knowledge or

awareness of the lack of any reasonable basis to deny coverage." In fact, Plaintiff has

neither attached the disputed insurance contract nor alleged its relevant terms. Moreover,

he has failed to allege how or why he qualified for the disputed coverage or that National Union's denial grounds were not supported by the insurance contract. The Court has already granted Plaintiff leave to correct these deficiencies, (Order, ECF No. 18, at 13), and he has failed to do so. The claim for breach of the implied covenant of good faith and fair and dealing is therefore dismissed.

### 3. Third Claim: Unjust Enrichment

The Court has already dismissed this claim with prejudice once, (*id.*), and it need not do so again. The claim for unjust enrichment remains dismissed as to both Defendants.

### 4. Fourth Claim: Negligence

The negligence claim is likewise dismissed as to both Defendants. In its prior dismissal of this perplexing negligence claim, the Court concluded that Plaintiff intended to state a claim for negligent misrepresentation and granted leave to "state a cause of action for negligent misrepresentation" under Rule 9(b)'s heightened pleading standard. (*Id.* at 10). The Court did not grant leave to amend to restate negligence generally:

> The Court notes that, in the FAC, Plaintiff appears to be attempting to state a claim for "negligence" based on Defendants breach of the duties to disclose the terms of the insurance policy and pay the benefits under the policy. (*See* FAC, ECF No. 1, at 21). In Plaintiff's opposition, he asserts that he states a claim for negligent misrepresentation and that such a claim is not barred by the economic loss doctrine. (*See* Opp'n to Mot. Dismiss, ECF No. 9, at 7).

> To prevail on a negligence theory in Nevada, a plaintiff must show that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Wiley v. Redd*, 885 P.2d 592, 595 (Nev. 1994). In order to prevail on a claim for negligent misrepresentation, a plaintiff must plead: (1) a representation that is false; (2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon; (5) that such reliance resulted in pecuniary loss to the relying party; and (6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information.

*G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006). A plaintiff must plead negligent misrepresentation with Federal Rule of Civil Procedure 9(b) particularity. *Id.*

. . . After reviewing Plaintiff's opposition to the motion to dismiss, the Court finds that Plaintiff is attempting to plead negligent misrepresentation rather than negligence. The Court notes that, in his opposition to the motion to dismiss, Plaintiff repeatedly argues that negligent misrepresentation is an exception to the economic loss doctrine. As such, the Court believes that Plaintiff's FAC meant to allege negligent misrepresentation rather than negligence for the fourth cause of action. Nonetheless, the Court finds that the fourth claim is insufficiently pled because Plaintiff only makes the factual allegations that: (a) Defendants owed Plaintiff a duty to disclose fully the terms of the insurance policy coverage, in both amount and scope; (b) Defendants negligently failed to disclose the terms of the insurance policy coverage, both amount and scope; and (c) Defendants negligently failed to pay benefits under the policy, wrongly interpreted that the policy covered medically necessary confinement only after 31 days. (*See* FAC, ECF No. 1, at 21). The Court finds that these allegations lack the particularity required by Rule 9(b) because Plaintiff does not delineate between the actions of each defendant and does not provide the who, what, when, where, and how of the false representations. The Court grants both Bank of America and National Union's motion to dismiss the fourth cause of action but grants leave to amend to state a cause of action for negligent misrepresentation.

(*Id.*). Plaintiff, however, has disregarded the Court's limited grant of leave to amend by attempting to restate a claim for negligence generally. This, of course, is reason enough to dismiss the fourth cause of action to the extent it concerns anything other than negligent misrepresentation. Nonetheless, Plaintiff himself highlights several additional defects in his half-page defense of the amended negligence claim:

Plaintiffs [*sic*] amended complaint supports at least two claims for negligence against NUFI—one for negligent hiring and training, [*sic*] one for negligent misrepresentation, all of which have been supplemented with facts to support them, detailed herein. Defendants read too much into headings of the amended complaints. The sufficiency of a complaint is how the facts are pled. Causes of action and statutes do not need to be pled. As long as 'factual allegations establish a plausible entitlement to relief, the complaint is sufficient. *Alvarez v. Hill* [*sic*] 518 F.3d 1152 (9th Cir. 2008). It does not matter whether the claims fall under one heading or another, but whether the facts alleged support claims of negligence.

The Defendants also were negligent by failure to abide by a statute intended for the benefit of the plaintiffs [*sic*]. As detailed below, Defendants violated NRS 686A.310, 696A.030 and 686A.040.

(Opp'n to Mot. Dismiss, ECF No. 40, at 7).

Taking Plaintiff at his word, the Court dismisses the negligence claim to the extent it is duplicative of the fifth claim (negligent training and support) and the sixth claim (concealment, fraud, misrepresentation). *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."). The negligent misrepresentation claim is also defective, as a matter of law, for the reasons discussed below. *See infra* Part III.B.6. Furthermore, to the extent that Plaintiff argues that it has stated a claim for negligence per se, the Court disagrees.

Although often pled as such, "negligence per se is not a separate cause of action but a doctrine whereby a court will consider the negligence elements of duty and breach satisfied as a matter of law, leaving only causation and damages to be determined by the fact-finder, where: (1) a plaintiff can show that a defendant has violated a duty imposed onto him by a criminal or regulatory statute; (2) the plaintiff is a member of the class of persons intended to be protected by the statute or regulation; and (3) the alleged harm resulting is of the kind intended to be prevented by statute." *Insco v. Aetna Health & Life Ins. Co.*, 673 F. Supp. 2d 1180, 1191 (D. Nev. 2009) (citing *Ashwood v. Clark Cnty.*, 930 P.2d 740, 743–44 (Nev. 1997)).

Here, among other defects, the statutes upon which Plaintiff relies, do not support a theory of negligence per se. *See Yusko v. Horace Mann Servs. Corp.*, No. 2:11-CV-00278-RLH, 2012 WL 458471, at *3 (D. Nev. Feb. 10, 2012) (citing *Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. Ct. App. 2000) (explaining that where a comprehensive statutory scheme establishes its own penalties, it does not support a theory of negligence per se); *Sharp Plumbing,*

*Inc. v. Nat'l Fire & Marine Ins. Co.*, No. 2:09-CV-00783-GMN, 2013 WL 6858895, at *13, n.5 (D. Nev. Dec. 27, 2013) ("The common law cause of action for negligence, including negligence *per se*, is not a recognized cause of action for violations of section 686A.310 of Nevada Revised Statutes.") (citing *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 960–61 (Nev. 1998) (per curiam) (analyzing NRS 686A.310 as an independent statutory cause of action)). Moreover, it is unclear how a negligence claim premised on violations of NRS 686A.310, 696A.030, and 686A.040 would not be duplicative of Plaintiff's eighth claim (unfair business practices, statutory violations), which is premised, at least in part, on alleged violations of the same statutes. (*See* Opp'n to Mot. Dismiss, ECF No. 40, at 27). Further, a requisite element of negligence is damages, *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008), and Plaintiff has failed to allege any tort damages that are not barred by Nevada's economic loss doctrine, *see Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("Under the economic loss doctrine there can be no recovery in tort for purely economic losses.").

Finally, to the extent that Plaintiff contends that his negligence claim is based on some common law duty owed by Bank of America, in its alleged capacity as an insurance agent, policy holder, or "bank selling insurance," (*see* Opp'n to Mot. Dismiss, ECF No. 41, at 6–9), the Court is not persuaded. The authorities Plaintiff cites are not binding, and they are readily distinguishable. Moreover, Plaintiff has failed to adequately allege, among other things the existence of an agency relationship with Bank of America. The fourth cause of action is therefore dismissed in its entirety.

### 5.   Fifth Claim: Negligent Training and Support

Plaintiff has once again failed to adequately plead his claim for negligent training and support. In its earlier order, the Court provided clear instructions:

To state a claim for negligent training and supervision in Nevada, Plaintiff must show (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013). "*Claims for negligent training and supervision are based upon the premise that an employer should be liable when it places an employee, who it knows or should have known behaves wrongfully, in a position in which the employee can harm someone else*." *Id*. However, an "employee's wrongful behavior does not in and of itself give rise to a claim for negligent training and supervision." *Id*.

In this case, Plaintiff alleges that "Defendants trained its agents uniformly, using the same written materials, and required the sales agents to use uniform sales material it provided" and that "Defendants negligently trained and supported its sales agents, such that those agents failed to disclose fully the terms of the insurance policy provisions advertised and promised to Plaintiff." (*See* FAC, ECF No. 1, at 21). The Court finds that these allegations are insufficient to state a claim for negligent training and grants Plaintiff leave to amend. *The allegations do not provide any facts about what the written materials say, what the sales agents are trained to say, or what information the agents failed to disclose*. Moreover, Plaintiff does not identify the various actions of the two Defendants, one of whom he alleges is the agent of the other. The Court grants both Bank of America and National Union's motion to dismiss this cause of action with leave to amend.

(Order, ECF No. 18, at 11) (emphasis added).

Plaintiff has failed to include the required allegations. Nonetheless, he appears to contend that the newly added details concerning alleged misrepresentations in the promotional materials, (SAC ¶¶ 19–22, ECF No. 24, at 5–8), coupled with allegations that these materials were circulated among Defendants' employees prior to publication, (*id.* ¶ 14), and conclusory allegations of improper training and knowledge that insurance contracts are "ripe for fraud and misleading claims," (*id.* ¶ 15), properly state a claim for negligent training, (Opp'n to Mot. Dismiss, ECF No. 41, at 12–14). Plaintiff is incorrect. The SAC does not allege, in any manner, "what the sales agents are trained to say," or what any particular agent actually said or failed to say. Moreover, the SAC fails to allege that either Defendant knew or should have known, prior to Plaintiff's purchase of insurance, that its employees were behaving "wrongfully," or that with

such knowledge it placed its employees in a position to harm Plaintiff. This missing is allegation fatal. *See Okeke*, 927 F. Supp. 2d at 1028; *Hall v. SSF, Inc.*, 930 P.2d 94 (Nev. 1996). The fifth claim is therefore dismissed.

**6.    Sixth Claim: Concealment, Fraud, Misrepresentation**

While this claim was initially dismissed for failure to satisfy Rule 9(b)'s particularity requirement, (Order, ECF No. 18, at 12), the additional allegations in the SAC demonstrate what could only be surmised from the FAC: The sixth claim is based entirely on allegations that National Union's "Customer Years Reward Offer" and the "Customer Years Reward Insurance" promotional materials erroneously promised coverage that was not provided in Plaintiff's actual insurance contract. (*See* SAC ¶¶ 19, 20, 21, 22, 69–74, ECF No. 24). At bottom, Plaintiff claims that the promotional materials are misleading because, according to him, the advertised Maximum Total Benefit cannot be reached under the written terms of the insurance contract, (*id.*), which Plaintiff has conspicuously failed to provide to this Court. However, such allegations cannot, as a matter of law, support a claim for fraud or misrepresentation. Indeed, this claim is fatally defective for at least two reasons.

First, it is barred by Nevada's parol evidence rule, *see Rd. & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 380–81 (Nev. 2012) ("As explained by this court in *Tallman,* the purported inducement cannot be something that conflicts with the [written contract's] express terms, as the terms of the contract are the embodiment of *all* oral negotiations and stipulations.") (citing *Sherrodd, Inc. v. Morrison-Knudsen Co.*, 815 P.2d 1135, 1137 (Mont. 1991) (The fraud exception to the parol evidence rule applies only "when the alleged fraud does not relate directly to the subject of the contract. Where an alleged oral promise directly contradicts the terms of an express written contract, the parol evidence rule applies."));

*Tallman v. First Nat. Bank*, 208 P.2d 302, 307 (Nev. 1949) ( "[F]raud is not established by showing parol agreements at variance with a written instrument . . . .").

Second, Plaintiff cannot adequately allege the justifiable reliance element of his claim, *see Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (defining the tort of negligent misrepresentation), because under Nevada law, an insured has a duty to read his insurance policy and is deemed to have constructive knowledge of the coverage it plainly provides, *see Farmers Ins. Exch. v. Young*, 832 P.2d 376, 379 n.2 (Nev. 1992) ("Although we understand that many people may in fact *not* read their insurance policies, we conclude that the consumer has at least this responsibility. If we presume that consumers do not read policies, we would then force insurers to explain verbally every minute detail of a policy. We must assume that the insured party has at least read the policy and given a plain common-sense meaning to the policy's provisions."); *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 473 (Nev. 2003); *First Fin. Ins. Co. v. Scotch 80's Ltd., Inc.*, No. 2:08-CV-00862-RLH, 2010 WL 4005423, at *2 (D. Nev. Oct. 12, 2010); 44 C.J.S. *Insurance* § 536 ("[I]t remains an insured's duty to read the policy if an examination of the policy would make it readily apparent that the coverage contracted for was not issued; in other words, if it is readily apparent that the insured did not get the coverage that he or she requested, the duty to read will still bar a lawsuit against the agent even if the insured relied upon the agent's expertise."). Given this well-settled rule, reliance on any prior representations regarding coverage is not justifiable as a matter of law. Furthermore, by failing to allege the basis for his reliance, Plaintiff has alleged this element only in the most conclusory manner. (*See* SAC ¶¶ 33–35, ECF No. 24). This is insufficient pleading. Plaintiff's sixth claim is therefore dismissed.

### 7.    Seventh Claim: Civil Conspiracy

The civil conspiracy claim is again dismissed with leave to amend. In its prior order, the Court dismissed this claim as inadequately pled. (Order, ECF No. 18, at 13). In the SAC, Plaintiff has added significant, relevant factual material; however, the claim remains deficient. Specifically, for the reasons stated herein, Plaintiff has failed to adequately allege that Defendants, acting in combination, caused actionable damages by engaging in wrongful conduct. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983) ("An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage."). Indeed, the Court has dismissed each cause of action in which Defendants are alleged to have acted in combination. However, because the Court is inclined to grant leave to amend the eighth claim (unfair business practices, statutory violations), it will likewise grant leave to amend this claim to include adequate allegations of a conspiracy to engage in any statutory violations properly realleged in a third amended complaint.

### 8.    Eighth Claim: Unfair Business Practices, Statutory Violations

The Court dismisses the eighth claim with limited leave to amend. In its prior order, the Court dismissed this claim as inadequately pled:

> The Court grants Bank of America and National Union's motion to dismiss this cause of action because Plaintiff alleges that Defendants violated "both state and federal unfair business practices statutes" and "both state and federal insurance, banking and other regulatory statutes" but never identifies any of these alleged statutes and does not allege how they allegedly violated these statutes. The Court grants Plaintiff leave to amend this cause of action.

(Order, ECF No. 18, at 13). In the SAC, Plaintiff repleads this claim and now includes a list of allegedly violated statues: (1) Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1964; (2) U.S.C. §1693; (3) NRS 686A.030 and 686A.040 (insurance fraud/ false

advertising); (4) NRS 686A.310 (unfair practices in settling insurance claims); (5) NRS 207.360 (racketeering); and (6) NRS 598.0915 and 598.092 (deceptive trade practices). (SAC ¶¶ 83–92, ECF No. 24, at 18–20). However, Plaintiff has failed to state a viable cause of action under any of these statutes. Nonetheless, finding that Plaintiff may be able to adequately allege a statutory cause of action under 15 U.S.C. §1693m and NRS 41.600, the Court will grant limited leave to amend to state claims under these statutes. Claims under other statutes will not be permitted.

The RICO claim fails as a matter of law.[1] Specifically, it is predicated on Plaintiff's fraud claim, which the Court has herein dismissed with prejudice. *See supra* Part III.B.6. Moreover, Plaintiff has failed to allege the underlying fraud with Rule 9(b) particularity. *Id.*; *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (recognizing that the heightened pleading standards applicable to fraud claims under Rule 9(b) apply to a RICO claim alleging predicate acts of fraud). The RICO claim is therefore dismissed with prejudice.

The claim under 15 U.S.C. §1693 also fails. This section carries the title "Congressional findings and declaration of purpose," consists of two short subsections, and provides no private right of action. There is simply no statutory basis for a cognizable cause of action under §1693, and the claim is therefore dismissed. However, there appears to be a disconnect between what Plaintiff pled and what he intended to plead. In his opposition to the instant motion, he defends the §1693 claim under a different statutory provision. (Opp'n to Mot. Dismiss, ECF No. 40, at 26). Specifically, while referring to §1693, he quotes from 15 U.S.C. §1693m, which he incorrectly cites as 15 U.S.C. §1693(m)—§1693 does not contain a subsection (m), and 15 U.S.C. §1693m is an entirely different section. This distinction is crucial because unlike §1693,

---

[1] "To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)).

§1693m provides a cause of action under certain specified circumstances. Given the confusion created by Plaintiff's sloppy pleading, it is unclear from the face of the SAC which, if any, of these circumstances Plaintiff has adequately alleged. The Court will therefore grant leave to amend this claim to properly allege a violation of the statutes upon which Plaintiff initially intended to rely.

Plaintiff lacks standing to bring a claim under NRS 686A.030 or NRS 686A.040, and these claims are therefore dismissed as a matter of law. Pursuant to NRS 686A.015(1), the Nevada Insurance Commissioner has "exclusive jurisdiction in regulating the subject of trade practices in the business of insurance in this state." Stated another way, "any right to relief for [Plaintiff's] claims alleging violation of the Nevada Insurance Code resides exclusively with the Insurance Commissioner, Nev. Rev. Stat. § 686A.015(1), and the Nevada Supreme Court has held that there can be no private right of action related to the regulatory requirements for insurers in Nevada." *Weaver v. Aetna Life Ins. Co.*, 370 F. App'x 822, 824 (9th Cir. 2010) (citing *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 994 (Nev. 2007) (concluding that the existence of a comprehensive administrative scheme regarding the enforcement of NRS Title 57, under which the insurance commissioner has exclusive jurisdiction and is required to determine complaints for enforcement, precludes any private cause of action in the district courts)); *see also Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 104 n.32 (Nev. 2008) (confirming that the exclusive jurisdiction of the Insurance Commissioner precludes a private cause of action). Accordingly, Plaintiff's claims under NRS Title 57 are dismissed with prejudice.

Plaintiffs' claim under NRS 207.360 is also dismissed as a matter of law. As an initial matter, it appears that Plaintiff has once again failed to allege the correct statute. Indeed, his opposition makes clear that he intended to rely on NRS 207.470 (Nevada's RICO statute),

which, unlike NRS 207.360, creates a private right of action. (*See* Opp'n to Mot. Dismiss, ECF No. 40, at 28). Normally, the Court would be inclined to dismiss this defective claim and grant leave to amend; however, an amendment would be futile here. Indeed, Plaintiff's claim under Nevada's RICO statute fails for the same reason that the federal claim fails—it is predicated on a claim of fraud, (*see id.*), which is inadequately pled and defective as a matter of law, *see supra* Part III.B.6. The state law RICO claim is therefore defective as a matter of law and dismissed with prejudice. *See Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 71 (9th Cir. 1994) (Nevada courts have interpreted the provisions of Nevada's RICO statute consistently with the corresponding provisions of the federal RICO statute.); *Allum v. Valley Bank of Nev.*, 849 P.2d 297, 298 n.2 (Nev. 1993) (noting that Nevada's RICO statutes are patterned after the federal RICO statutes).

With respect to the claims asserted under NRS 598.0915 and NRS 598.092, which define deceptive trade practices, it appears that Plaintiff actually intended to assert a claim under NRS 41.600, (*see* Opp'n to Mot. Dismiss, ECF No. 40, at 28), which creates a cause of action for the conduct defined in NRS 598.0915 and NRS 598.092. To the extent that this is the case, Plaintiff is granted leave to amend to properly allege a violation of NRS 41.600. Plaintiff is, however, reminded that should he allege that Defendants "knowingly made false representations" regarding coverage, Rule 9(b) will apply, and the claim will be dismissed absent adequate allegations of "the who, what, when, where, and how of the misconduct charged." *See Vess*, 317 F.3d at 1106. Such pleading will likely require Plaintiff to allege what the disputed contract actually provides. Leave to amend will not be granted again.

Finally, while Plaintiff correctly contends that NRS 686A.310(2) authorizes a private right of action against an insurer, *Century Sur. Co. v. Casino W., Inc*., No. 3:07-CV-00636-RCJ, 2010 WL 762188, at *6 (D. Nev. Mar. 4, 2010), it is wholly inapplicable to the material facts

alleged. Indeed, the provisions of NRS 686A.310 "address the manner in which an insurer handles an insured's claim," *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006); they do not apply to allegations of misleading offers of insurance.

      While the Nevada Supreme Court has not squarely addressed this issue, it has relied on the plain language of the statute's title, "Unfair practices in settling claims; liability of insurer for damages," to support a narrow interpretation of its provisions, *Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 959 (Nev. 1998) ("[T]he title of a statute may be considered in construing the statute. The title of NRS 686A.310 reads "Unfair practices in settling claims; *liability of insurer* for damages." From a plain reading of its title, there is no indication that the legislature intended NRS 686A.310 to apply to other entities beyond insurers.") (internal citations omitted). A plain reading of this title indicates that NRS 686A.310 applies to unfair practices connected to the settlement of insurance claims, and nothing in the statute's text suggests that it should apply to promotional materials related to the sale of insurance. This is evidenced by the plain language of the private right of action NRS 686A.310(2) creates: "In addition to any rights or remedies available to the Commissioner, an insurer is liable to *its insured* for any damages sustained by the *insured* as a result of the commission of any act set forth in subsection 1 as an unfair practice." (emphasis added). The acts set forth in subsection 1 relate exclusively to the settlement of insurance claims. NRS 686A.310(1). Thus, by its own terms, NRS 686A.310(2) applies only to allegations related to the handling of an insured's claim, meaning that it does not apply where, as here, an insured merely alleges misrepresentations in promotional materials,[2] *see State v.*

---

[2]As Plaintiff has explained, "[t]he 'essence' of the claims against the Defendants is for fraud and misrepresentation for promising coverage Defendants knew were not going to deliver [*sic*] to their 175,000 customers who trusted them and bought the policy." (Opp'n to Mot. Dismiss, ECF No. 41, at 2). Consistent with this characterization, Plaintiff has not alleged that either Defendant misrepresented the provisions of his insurance policy while handling an insurance claim. Instead, with respect to his claim under NRS 686A.310(1)(a), he alleges only that Defendants

*Javier C.*, 289 P.3d 1194, 1197 (Nev. 2012) ("Nevada follows the maxim "expressio unius est exclusio alterius," the expression of one thing is the exclusion of another."). This Court is confident that the Nevada Supreme Court would reach the same conclusion.[3] Therefore, the NRS 686A.310 claim is dismissed with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to reconsider (ECF No. 43) is DENIED.

IT IS FURTHER ORDERED that the motions to dismiss (ECF Nos. 33 and 34) are GRANTED in the entirety. Claims two through six are dismissed with prejudice. The seventh and eighth claims are dismissed with limited leave to amend. Specifically, Plaintiff is granted leave to amend, within fourteen (14) days of the entry of this Order into the electronic docket, to properly state claims, if possible, under 15 U.S.C. §1693m and NRS 41.600 and a corresponding civil conspiracy claim. Claims under other statutes will not be permitted.

IT IS SO ORDERED.

Dated:  April 15, 2014

_____
ROBERT C. JONES
United States District Judge

---

"knowingly made a false representation in the transaction of the selling of insurance." (SAC ¶ 18, ECF No. 24, at 19). Thus, as Plaintiff correctly notes, "[t]his is anything but a 'standard insurance dispute,'" (Opp'n to Mot. Dismiss, ECF No. 41, at 2), and it does not implicate NRS 686A.310.

[3] "When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Strother*, 79 F.3d 859, 865 (9th Cir. 1996).